UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| THEODORE VISNER, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:16-mc-119 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| EDWARD WINKLER, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Theodore Visner filed this lawsuit on November 16, 2016. Visner alleges that his house was sold at a sheriff's sale in March 2010. Then, in April 2010, he was evicted by the Kent County Sheriff, who was acting at Defendant Edward Winkler's request. The case was assigned a number from the Court's miscellaneous docket.

Upon review of the complaint, the use of the miscellaneous docket was inappropriate. Federal district courts generally categorize cases as criminal actions (CR), civil actions (CV), or miscellaneous actions (MC). Each category has its own series of cases numbers. In federal court, the United States Government prosecutes criminal cases. *See United States v. Nixon*, 418 US. 683, 693 (1974) (holding that the Executive Branch as the exclusive authority to decide whether or not to prosecute a case). Private citizens have no authority to initiate a federal criminal proceeding. *Holland v. O'Hair*, 145 F.3d 1331 (6th Cir. Mar. 26, 1998) (unpublished table opinion). *Accord, Keyter v. 535 Members of the 110th Congress*,k 277 F.App'x 825, 827 (10th Cir. 2008); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). Civil actions are lawsuits, other than criminal proceedings, brought to enforce, redress, or protect

private rights.  *See Kelso v. Noble*, 162 F.3d 1161 (6th Cir. Aug. 19, 1998) (unpublished table opinion).  For federal courts, the miscellaneous designation is for proceedings that do not otherwise qualify as civil actions.  *Green v. Cosby*, -F.Supp.3d-, 2016 WL 6135576, at *1 n.1 (E.D. Pa. Oct. 21, 2016).  The filing fee for civil action is $400, while the filing fee for miscellaneous proceedings is only $46.

Visner's complaint constitutes a civil proceeding.  Visner asserts that he is bringing both criminal and civil claims.  (Compl. ¶ 9.)  Visner cannot bring criminal charges against Winkler.  Visner states that he brings claims under 18 U.S.C. § 241 and 242, which are federal criminal conspiracy statutes.  But, neither § 241 nor § 242 creates a private right of action that authorizes a lawsuit by a private citizen.  *United States v. Oguaju*, 76 F.App'x 579, 581 (6th Cir. 2003); *Cok*, 876 F.2d at 2.  And the complaint is not the sort of proceeding that is typically assigned a number on the miscellaneous docket.  By way of example, the miscellaneous category is used for proceedings like applications for writs, reinstatement or disbarment proceedings, subpoenas from foreign jurisdictions, grand jury matters, letters of rogatory, registrations of judgment for other districts, and receiverships.  Visner complaint is a civil action against Winkler.

Accordingly, the Clerk shall convert this proceeding to a civil action by assigning the case a civil docket number and opening a new civil action. After the new civil action is opened, the Clerk shall close this miscellaneous proceeding, 1:16-mc-119. Finally, Visner must pay the full amount for opening a civil case. Visner must pay the remaining $354 by Monday, December 12, 2016. Alternatively, by the same date, Visner may file an application to proceed *in forma pauperis*. If Visner does not pay the remaining fee or file the application by the deadline, this matter will be terminated. **IT IS SO ORDERED.**

Date: November 28, 2016 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge